MERRITT, Circuit Judge,
concurring.
I am having trouble making sense of plaintiffs claims. Although I hesitate to rest our judgment on a lack of subject matter jurisdiction, I agree with the Court that the plaintiff has not stated a valid federal cause of action under any theory presented in his complaint. Giesse did not seek reinstatement of skilled nursing care services, as required proeedurally by the controlling statute — only damages. He has not exhausted his federal administrative remedies against the Secretary of Health and Human Services, and there has been no final administrative decision by an agency of the United States Government for us to review. So there is no valid administrative law claim. Neither does plaintiff have an independent private federal cause of action created by federal statute, nor a “property right” abridged without due process of law which would give rise to a federal constitutional claim. The problem with the plaintiffs federal action is that he cannot find any federal statute that would give rise to a Medicare action for damages, nor a federal constitutional theory that would give rise to a direct action in federal court for a constitutional tort based on the failure of the private defendants to allow Giesse to remain in the nursing home after July 2003.
Plaintiff waived oral argument in this case and, therefore, did not take advantage of the opportunity we provide parties to develop and clarify their arguments in a dialogue with the members of the Court. Giesse’s arguments are confusing, and perhaps we could have made more sense of them if we could have asked counsel a few questions at an oral argument.